USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

FRANCISCO J. BILLINI,

Defendant.

---

99 Cr. 156 (JGK)

MEMORANDUM
OPINION AND ORDER

JOHN G. KOELTL, District Judge:

Dr. Janette Torres moves pursuant to Fed. R. Cr. P. 46(f)(2) to set aside the forfeiture of the bail bond in the amount of $750,000 for Dr. Francisco Billini for which Dr. Torres was a personal surety. Dr. Billini was charged with violations of the federal narcotics laws. He was released on a $750,000 personal recognizance bond co-signed by five sureties, including Dr. Torres. Dr. Billini thereafter fled, and this Court ordered the bond to be forfeited. A judgment of forfeiture was entered on March 28, 2000.

Dr. Billini, according to the Government, was subsequently apprehended in the Dominican Republic and extradited to the United States in November 2004, approximately five years after his flight. He subsequently pleaded guilty to conspiracy to distribute and possess with intent to distribute anabolic steroids and hydrocodone in violation of 21 U.S.C. § 846. Because he had already served approximately nineteen months in prison, Dr. Billini was sentenced principally to time served. The Court found that a sentence below the advisory Sentencing Guidelines range was reasonable in view of the defendant's serious medical condition, including the fact that

the defendant had been hospitalized in the Dominican Republic following a serious stroke and had encountered delays in receiving medical evaluations while incarcerated in the United States despite the existence of several serious medical conditions.

Dr. Torres argues that the Court should set aside the bail forfeiture as to her because "justice does not require bail forfeiture." Fed. R. Cr. P. 46(f)(2). In particular, she argues that she has limited means. She also argues that the Court exercised leniency toward Dr. Billini and that "there is no reason, as a matter of basic fairness, for an 'innocent' suretor to be 'punished' through forfeiture." (Alexei Schact letter dated January 5, 2006.) Neither reason justifies the exercise of the Court's discretion to set aside the forfeiture.

The burden of establishing that "justice does not require bail forfeiture" is on the party challenging the forfeiture. United States v. Gambino, 17 F.3d 572, 574 (2d Cir. 1994). In considering remission of bail forfeiture, courts consider several factors including: 1) the willfulness of the defendant's breach of the bond conditions; 2) the cost, inconvenience, and prejudice suffered by the Government as a result of the breach; 3) whether the surety has assisted in the apprehension of the defendant; 4) the appropriateness of the amount of the bond; 5) any explanation or mitigating factors presented by the defendant; and 6) whether the surety is a professional, friend, or family member. See id.; United States v.

Zhang, No. 98 CR. 1429, 2000 WL 1532951, at *5 (S.D.N.Y. Oct. 16, 2000); see also United States v. Lacey, 982 F.2d 410, 413 (10th Cir. 1992); United States v. Gutierrez, 771 F.2d 1001, 1003 (7th Cir. 1985); United States v. Frias-Ramirez, 670 F.2d 849, 852 (9th Cir. 1982); United States v. Cervantes, 672 F.2d 460, 461 (5th Cir. 1982); United States v. Mizani, 605 F.2d 739, 740 (4th Cir. 1979).

Here, each factor points to maintaining the forfeiture, with the exception of the fact that Dr. Torres is a friend rather than a professional surety, but that fact is insufficient to warrant setting aside the forfeiture in light of the other factors. See United States v. Gambino, No. 9S 88 Cr. 919, 1993 WL 300048, at *8 (S.D.N.Y. Aug. 5, 1993) (the fact that sureties were family members of the defendant was insufficient to support partial remission in light of other factors), aff'd, 17 F.3d 572 (2d Cir. 1994). The defendant willfully fled to the Dominican Republic, and there are no mitigating factors or explanations for his flight. Dr. Torres does not allege that she assisted in the apprehension of the defendant, which took approximately five years, and she has not disputed the Government's representation that the cost and inconvenience to the Government to apprehend and extradite Billini is not insignificant. The amount of the bond was not inappropriate, and indeed, in hindsight it was insufficient to keep the defendant present in this District for trial.

The other arguments for remission proffered by Dr. Torres are insufficient. First, it is well established that the personal financial situation of the surety is not a basis for setting aside the forfeiture because it is the interest of justice that should be assessed, not the personal financial situation of the individual surety. See Gutierrez, 771 F.2d at 1004; United States v. Gallego, No. 02 Civ. 5987, 2003 WL 1193536, at *3 (E.D.N.Y. Jan. 29, 2003); Zhang, 2000 WL 1532951, at *5; Gambino, 1993 WL 300048, at *7; United States v. Carvajal, 674 F. Supp. 973, 974 (E.D.N.Y. 1987); United States v. Ciotti, 579 F. Supp. 276, 278 (W.D. Pa. 1984).

Second, the sentence for Dr. Billini is not a basis for setting aside the forfeiture. The sentence for Dr. Billini was determined by analyzing all of the factors under 18 U.S.C. § 3553(a). That sentence is independent of the amount of the bond in this case and the factors discussed above regarding the appropriateness of the forfeiture. Forfeiture of the bond is not punishment but rather a means to obtain compliance with bond conditions. The Government has a legitimate interest in enforcing its rights under the bond in order to deter violations of bond conditions by other future defendants. Gambino, 1993 WL 300048, at *7.

The motion to set aside forfeiture of the bail bond is **denied**.

**SO ORDERED.**

Dated: New York, New York
April 27, 2006

John G. Koeltl
United States District Judge

- 4 -